IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER MALONEY,**

      **Plaintiff,**

  v.                                                **CIVIL NO. 1:23-CV-23**
                                                                         **(KLEEH)**

**THE CITY OF MORGANTOWN, WV,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER
GRANTING PARTIAL MOTION TO DISMISS [ECF NO. 4]**

Pending before the Court is a partial motion to dismiss [ECF No. 4]. For the reasons discussed herein, the motion is **GRANTED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Christopher Maloney ("Plaintiff") originally filed this action in the Circuit Court of Monongalia County, West Virginia, Case No. 23-C-16. The Defendant, the City of Morgantown ("Defendant"), removed the case to this Court on February 17, 2023. On February 28, 2023, Defendant filed a motion to dismiss Count Four of the Complaint. The motion is fully briefed and ripe for review.

### II.    FACTS[1]

On or about April 28, 2008, Defendant hired Plaintiff as a public works employee. Compl., ECF No. 3, at ¶ 7. He was

---

[1] These facts are taken from the Complaint. For purposes of analyzing Defendant's motion, the Court assumes that the asserted facts are true.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PARTIAL MOTION TO DISMISS [ECF NO. 4]**

supervised by Alexandra Stockdale ("Stockdale"), who also worked for Defendant. Id. ¶ 8. Stockdale made multiple comments about Plaintiff's appearance, stating that she found him to be attractive. Id. ¶¶ 9-11. Plaintiff told Stockdale that he was not interested. Id. ¶¶ 12-13. He informed the Human Resources Department that he was uncomfortable with Stockdale's advances, and he also informed the Department about other "waste and improper actions" by Stockdale. Id. ¶¶ 14-15. Defendant did not make any attempt to separate Stockdale and Plaintiff, and Stockdale continued to supervise him. Id. ¶ 17.

After informing Stockdale that he was not interested, Stockdale's treatment of Plaintiff at work "adversely changed." Id. ¶ 18. Stockdale began to follow Plaintiff, harass him, and criticize him for frivolous actions. Id. ¶ 19. This made Plaintiff feel that it was difficult to perform his job duties. Id. ¶ 20. Stockdale also eavesdropped on Plaintiff's private conversations. Id. ¶ 21. She made comments to other workers that Plaintiff "was a racist and that she would do whatever it takes to get him fired." Id. ¶ 22. Plaintiff was then suspended without pay. Id. ¶ 23. Plaintiff brought his suspension to the City Grievance Board, which found no credible evidence of the allegation. Id. ¶ 24. Plaintiff was reinstated and provided back pay. Id.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PARTIAL MOTION TO DISMISS [ECF NO. 4]**

While eavesdropping on Plaintiff's private conversation, Stockdale overheard Plaintiff use a word in what she believed to be a profane manner. Id. ¶¶ 25-26. For this, Stockdale terminated Plaintiff's employment on January 21, 2021. Id. ¶ 28. Plaintiff filed a complaint with the Grievance Board, which recommended that his termination be reversed and his employment be reinstated. Id. ¶¶ 31-32. Defendant declined to reinstate Plaintiff's employment. Id. ¶ 33.

Based on these facts, Plaintiff asserts the following causes of action:

- Count One: Violation of West Virginia Code § 6C-1, et seq. (The Whistleblower Law);

- Count Two: Sexual Harassment/Retaliation – Hostile Work Environment;

- Count Three: Official Retaliation by City of Morgantown Government Actors; and

- Count Four: Violation of First Amendment – Freedom of Speech.

### III. STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d

181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. MA.R.T.in, 980 F.2d 942, 952 (4th Cir. 1992).  Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## IV.  DISCUSSION

Defendant has moved to dismiss Count Four of the Complaint: Violation of First Amendment – Freedom of Speech.  Presumably, while not specifically cited in the Complaint, this is a claim brought under 42 U.S.C. § 1983.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PARTIAL MOTION TO DISMISS [ECF NO. 4]**

A municipality is liable under § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978). Municipal liability results only when policy or custom is "(1) fairly attributable to the municipality as its 'own,' and is (2) the 'moving force' behind the particular constitutional violation." Spell v. McDaniel, 824 F.2d 1380, 1386-87 (citations omitted).

Courts have required plaintiffs to demonstrate "persistent and widespread . . . practices of [municipal] officials," along with the "duration and frequency" – which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their "deliberate indifference." See id. at 1386-91; see also Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 402-03 (4th Cir. 2014) ("Sporadic or isolated violations of rights will not give rise to Monell liability; only 'widespread or flagrant' violations will." (citation omitted)). The Fourth Circuit has established four ways by which a municipal policy or custom may be established:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest [s] deliberate indifference to the rights of citizens"; or

> (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003).

In Carter v. Morris, 164 F.3d 215 (4th Cir. 1999), the plaintiff brought suit against the Danville Police Department. The Fourth Circuit found that the plaintiff's allegations, which related to unlawful search and seizure, were insufficient to establish Monell liability. The court boiled down plaintiff's cited incidents to two instances — in addition to the instance at issue in the case — of "even arguably unlawful arrests" or unreasonable searches and seizures by the Danville Police Department. Id. at 219. The court referred to this evidence as a "meager history of isolated incidents" that does not reach the required "widespread and permanent" practice necessary to establish a municipal custom. Id. at 220. The court also noted that the plaintiff showed no relevant incident prior to her own case of which the City could have had knowledge and could have acquiesced. Id.

Here, Plaintiff asserts that Defendant violated his First Amendment rights by retaliating against him for reporting Stockdale's sexual harassment and workplace waste and wrongdoings. He also argues that Defendant violated his First Amendment rights by terminating his employment for using a word in what Stockdale

believed to be a profane manner. Given Plaintiff's very limited allegations, the Court finds that he has failed to plead that Defendant has an official policy, custom, or history that allows it to deprive individuals of their First Amendment rights. Like in Carter, Plaintiff focuses on what happened to him in this case. He has not pled any facts indicating that there was a "persistent and widespread" practice of constitutional violations or that Defendant's employees engaged in anything more than "isolated incidents" of allegedly unconstitutional activity.[2] As such, Defendant's motion to dismiss Count Four is granted.

## V. CONCLUSION

For the reasons discussed above, the motion to dismiss Count Four is **GRANTED** [ECF No. 4]. Count Four is **DISMISSED WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: May 5, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

---

[2] In Plaintiff's response, he admits that "the facts in the Plaintiff's complaint may not show that what has happened to him has happened to others[.]" Response, ECF No. 6, at 4.